UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY MALCOLM,

        Plaintiff,        Civil Case No. 13-15188
                                      Honorable Linda V. Parker

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**<u>OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 16] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 20]</u>**

Plaintiff Nancy Malcolm ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions. (ECF Nos. 16, 20.) For the reasons set forth below, the Court **DENIES** Plaintiff's motion and **GRANTS** the Commissioner's motion.

**I.**

A hearing before the Administrative Law Judge ("ALJ") was held on May 14, 2012. (ALJ Hr'g Tr., ECF No. 12-2 at Pg. ID 62.) At the time of the hearing,

1

Plaintiff was 43 years old, living with friends, and held two jobs cleaning offices part-time. (*Id.* at Pg. ID 69.) Plaintiff indicated that she is 5'1", and weighs approximately 98 pounds. (*Id.* at Pg. ID 72.) Plaintiff graduated high school, and attended community college, but never graduated. (*Id.* at Pg. ID 73.) After reviewing the entire administrative record, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 1, 2008, the alleged onset date, and that she suffered from degenerative disc disease of the lumbar spine. (ALJ Decision, ECF No. 12-2 at Pg. ID 49.) Further, the ALJ determined that Plaintiff had no past relevant work. (*Id.* at Pg. ID 55.) Considering Plaintiff's age, education, work experience, and residual functional capacity, the ALJ concluded that there were a number of jobs that claimant could perform, including the following: cashier, counter clerk, and parking lot attendant. (*Id.* at Pg. ID 55–56.) The ALJ determined, therefore, that Plaintiff was not disabled as defined under the Act from February 1, 2008, through the date of the decision. (*Id.* at Pg. ID 56.)

      Thereafter, Plaintiff filed this action pursuant to 42 U.S.C. §405(g), challenging the final decision of Defendant denying her applications for DIB and SSI under the Act. (Compl., ECF No. 5 at Pg. ID 9–10.) Both parties subsequently filed summary judgment motions. (ECF Nos. 16, 20.)

## II.

Under the Act, DIB and SSI are available only for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability" in relevant part as the:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(A). An ALJ considering a disability claim is required to follow a five-step process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4).

The ALJ's five-step sequential process is as follows:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy

>that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Scheuneman v. Comm'r of Soc. Sec.*, 2011 WL 6937331, at *7 (E.D. Mich. Dec. 6, 2011) (citing 20 C.F.R. §§404.1520, 416.920); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ need not proceed further. 20 C.F.R. § 404.1520(a)(4). However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id*. "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

### III.

Following the five-step sequential analysis, the ALJ found Plaintiff not disabled under the Act. At Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 1, 2008 the alleged onset date. (ALJ Decision, ECF No. 12-2 at Pg. ID 49.) At Step Two, the ALJ found that Plaintiff has the following severe impairment: degenerative disc disease of the lumbar spine. (*Id.*) At Step Three, the ALJ found that Plaintiff's impairment does not meet or medically equal a listed impairment. (*Id.* at Pg. ID 50.)

The ALJ then assessed Plaintiff's residual functional capacity ("RFC"), concluding that "[Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR § 404.1567(b) and 419.967(b) except she can frequently climb ladders, ropes or scaffolds, [and] frequently stoop crouch and crawl. She must avoid concentrated exposure to vibration." (*Id.* at Pg. ID 51.)

At Step Four, the ALJ determined that Plaintiff has no past relevant work. (*Id.* at Pg. ID 55.) At Step Five, based in part on the vocational expert's testimony, the ALJ concluded that Plaintiff is capable of performing other work existing in the national economy. (*Id.* at Pg. ID 56.) As a result, the ALJ concluded that Plaintiff is not disabled under the Act. (*Id.*)

## IV.

The district courts have jurisdiction to review the Commissioner's final administrative decisions pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec'y*, 402 F.3d 591, 595 (6th Cir. 2005) (internal citations omitted); *Rabbers v. Comm'r of Soc. Sec'y*, 582 F.3d 647, 654 (6th Cir. 2009) ("[I]f an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless the claimant has been

5

prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.") (internal quotations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec'y*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotations omitted).

In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case de novo, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant."). Further, when reviewing the Commissioner's factual findings, the court is limited to an examination of the record and must consider the record as a whole. *Bass*, 499 F.3d at 512-13; *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council," or in this case, the ALJ. *Heston*, 245 F.3d at 535; *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that either the ALJ or the court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec'y*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all

evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal quotations omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

## V.

Plaintiff argues that: (1) the ALJ wrongfully failed to consider Plaintiff's migraines and tremors when reaching its decision; (2) the ALJ gave great weight to the opinions of Dr. Russell Holmes, the "single decision maker," thereby constituting "clear error"; (3) the ALJ gave no weight to the opinions of Dr. Johnson, Plaintiff's treating physician; and (4) the ALJ wrongfully determined that Plaintiff's statements concerning the "intensity, persistence, and limiting effects of her symptoms" were not credible. (Pl.'s Mot., ECF No. 16 at Pg. ID 707–09.) Each of these arguments will be addressed in turn.

## VI.

With respect to Plaintiff's migraines and tremors, Plaintiff states:

> Claimant testified and the medical records supported that Ms. Malcolm had other medically determinable impairments migraine headaches with blurred vision as well as tremors. These documented

> difficulties would cause more than minimal limitations and therefore should have been discussed as severe impairments.
>
> It appears that because the State agency consultant did not discuss these conditions in his disability determination explanation the Administrative Law Judge did not consider these conditions in his decision.

(Pl.'s Mot., ECF No. 16 at Pg. ID 707.)

To the extent that the Court is able to understand Plaintiff's assertions, it appears that Plaintiff is arguing that the ALJ did not properly consider the fact that Plaintiff suffers from headaches and tremors. Plaintiff asserts that her headaches and tremors should have been considered at Step Two of the ALJ's analysis, and that the ALJ did not consider her headaches and tremors during *any* of the steps. (*Id.*)

Contrary to Plaintiff's assertion, the ALJ did in fact consider Plaintiff's migraines and tremors – when he assessed Plaintiff's residual functional capacity, however. Specifically, the ALJ explains:

> She described her headaches as severe pain in her head, blurred vision and tremors. She stated that she was taking Topamax but Dr. Johnson took her off the medication due to weight loss. She stated Dr. Walt put her on Imitrex and Pamelor.
>
> Although seen on consultation by John Wald, M.D., on July 27, 2011 for tremor and headache, there were no neurological deficits noted. The claimant described the onset of tremors as three months prior lasting 15-30 minutes and aggravated by stress or tension. However, there was no neurological symptoms with headache or tremor.

(ALJ Decision, ECF No. 12-2 at Pg. ID 51, 54.)

Sixth Circuit precedent establishes that the ALJ's failure to consider these conditions at Step Two is not reversible error as the ALJ found other severe impairments and therefore continued with the five-step evaluation. *See, e.g., Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008) (finding no reversible error where the ALJ found some severe impairments, thereby enabling the claimant to "clear step two of the analysis," and then considered all of the claimant's impairments in the remainder of his analysis); *Fisk v. Astrue*, 253 F. App'x 580, 584 (6th Cir. 2007) (concluding that because the ALJ considered the claimant's coronary heart disease and diabetes when determining his residual functional capacity, it was not necessary to decide "whether the ALJ erred in classifying the impairments as non-severe at step two[.]"). The Court therefore does not find error on part of the ALJ with respect to treatment of Plaintiff's migraine headaches and tremors.

## VII.

In support of Plaintiff's assertion that the ALJ made clear error by giving great weight to the opinions of Dr. Holmes, an alleged single decision-maker, Plaintiff states that "[s]ingle [d]ecision [m]aker forms are not opinion evidence at the appeals level." (Pl.'s Mot., ECF No. 16 at Pg. ID 707.)

Plaintiff's argument lacks merit, given that Dr. Holmes is not a single decision-maker. The single decision-maker model is "an experimental program offered by the Social Security Administration," designed to streamline the review of claims. *White v. Comm'r of Soc. Sec.*, No. 12-CV-12833, 2013 WL 4414727, at *8 (E.D. Mich. Aug. 14, 2013) (citing *Dorrough v. Comm'r of Soc. Sec.*, No. 11–12447, 2012 WL 4513621, at*1 (E.D. Mich. Oct. 2, 2012). Under the model, a single decision-maker assumes primary responsibility for processing a claimant's application for disability, including making the claimant's initial disability determination. *Id.* Once the claimant's application reaches the ALJ, however, the single decision-maker's assessment is no longer relevant to the determination of disability. *Id.*

In the disability determination documents, Dr. Holmes provides his signature on the lines designated for the "MC [Medical Consultant]/ PC [Psychological Consultant] or SDM [Single Decision Maker]. (See ECF No. 12-3 at Pg. ID 121, 122, 134.) Having reviewed the record, it is clear to the Court that Dr. Holmes is a state agency Medical Consultant rather than single decision-maker. First, in the disability determination documents, the signature of Clarissa G. Young, is provided on the lines designated to "Disability Examiner." (*Id.*) The Social Security Administration's internal regulations, titled Program Operating Manual System (POMS), provide:

> A team consisting of an MC or a PC and a disability examiner (DE) generally makes the disability determination. If there is no medical evidence in the file, the DE alone makes the determination." (DI 24501.001B.1). Each medical assessment form must have a reviewing MC/PC's actual physical signature or an approved electronic signature—unless the DE is a single decision [-] maker (SDM).

DI 26510.089.

This information demonstrates that Dr. Holmes was not acting alone in making the disability determination. Rather, he was assisted by a disability examiner, Clarissa G. Young. Furthermore, the language in DI 26510.089 stating that "Each medical assessment form must have a reviewing MC/PC's actual physical signature or an approved electronic signature—unless the DE is a single decision [-] maker," suggests that if there were a single decision-maker in the case at hand, it would be the disability examiner rather than the physician medical consultant.

Additionally, the ALJ, in his decision held: "Great weight is given to the residual functional capacity by *State agency medical consultant, Russell Holmes, M.D.*" (ALJ Decision, ECF No. 12-2 at Pg. ID 55), and Dr. Holmes is listed as "Physician or Medical Specialist" in the Disability Determination Transmittal document. (Disability Determination Transmittal, ECF No. 12-3 at Pg. ID 122.) Moreover, Dr. Holmes is a licensed physician, and thus, falls into the category of "sources who can provide evidence to establish an impairment." 20 C.F.R. §

11

404.1513. The RFC provided by Dr. Holmes, was therefore rendered by an acceptable medical source that the ALJ could rely upon.

Plaintiff makes the following cursory assertion: [The ALJ] gave great weight to the opinions of Dr. Russell Holmes the Single Decision Maker. This is clear error." Plaintiff has not directed the Court towards any evidence supporting his assertion that Dr. Holmes was the single decision-maker in this case, and for reasons provided above, the Court holds that Dr. Holmes was not the single decision-maker.

## VIII.

Plaintiff next asserts that the ALJ erred by giving "no weight to the opinions of [Plaintiff's] long time treating physician [, Dr. Rose Johnson, M.D.]. (Pl.'s Mot., ECF No. 16 at Pg. ID 707.)

The "treating source" rule set forth in 20 C.F.R. § 404.1527 provides that an ALJ must give the opinion of a treating source controlling weight if the ALJ finds the opinion "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Id*. § 404.1527(c)(2). If the ALJ does not afford the opinion of a treating source controlling weight, the ALJ's "decision denying benefits 'must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently

12

specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.' " *Wilson v. Comm'r of Soc. Sec'y*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (1996)). The regulations define "medical opinions" as:

> statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions.

20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).

The ALJ, assessing Plaintiff's residual functional capacity, explicitly held:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can frequently climb ladders, ropes or scaffolds, frequently stoop, crouch and crawl. She must avoid concentrated exposure to vibration.
>
> As for the opinion evidence, no weight is given to Dr. Johnson's opinion that the claimant is unable to work or unable to sit, stand or walk more than 30 minutes. Dr. Johnson did not provide a basis for her opinion and her progress notes do not support a disabling condition preventing the claimant from performing work within the residual functional capacity.

(ALJ Decision, ECF No. 12-2 at Pg. ID 51, 55.)

The ALJ provides specific reasons as to why no weight was given to Dr. Johnson's medical opinion that claimant is (1) unable to work; and (2) unable to sit, stand, or walk for longer than 30 minutes. Specifically, the ALJ indicates that

13

having reviewed the administrative record: (1) Dr. Johnson offers no reason for Plaintiff's inability to work; (2) she fails to provide a diagnosis relative to an illness preventing Plaintiff from working; and (3) her progress notes do not support a disabling condition preventing the claimant from performing work within the residual functional capacity. (*Id.* at Pg. ID 54, 55.) Having reviewed the administrative record, the Court agrees.

In Dr. Johnson's December 17, 2010 letter, she states:

To Whom It May Concern:

Nancy has chronic back pain, with MIR showing degenerative disc disease and disc herniation. She has constant pain, even while sitting, is unable to sit for more than 30 minutes at a time. She is unable to walk long distances or lift heavy weights.

(ECF No. 12-7 at Pg. ID 364.)

Next, in Dr. Johnson's March 25, 2011 letter, she states:

To Whom It May Concern:

Nancy is unable to work at this time.

(ECF No. 12-7 at Pg. ID 420.)

In both of these letters, Dr. Johnson provides no basis for her opinion. Conclusory statements from physicians are properly discounted by ALJs. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 286 (6th Cir. 2009) (citing *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir.2001) (stating that ALJs are "not bound by conclusory statements of doctors"). Dr. Johnson fails both to provide a diagnosis and point to

14

medical history supporting her conclusions. Dr. Johnson does not even indicate a period of time Plaintiff is unable to work. Further, the administrative record does not support the extreme restrictions imposed in Dr. Johnson's opinion, given that at the hearing before the ALJ, Plaintiff stated that she is currently cleaning office buildings for income. (ALJ Hr'g Tr., ECF No. 12-2 at Pg. ID 69–71.) Thus, Dr. Johnson's opinion is contradicted by Plaintiff's own statements concerning her current employment. Accordingly, the Court does not find error in the ALJ's treatment of Dr. Johnson's opinion to warrant reversal of the Commissioner's decision.

## IX.

Lastly, Plaintiff asserts that the ALJ erred in determining that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible. (Pl.'s Mot. ECF No. 16 at Pg. ID 708.) The ALJ found that Plaintiff's medical impairments could cause her alleged symptoms, but that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible. (ALJ Decision, ECF No. 12-2 at Pg. ID 52.)

The Sixth Circuit has held that determinations of credibility related to subjective complaints of pain rest with the ALJ because "the ALJ's opportunity to observe the demeanor of the claimant 'is invaluable, and should not be discarded

lightly.' " *Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d 524, 538 (6th Cir. 1981) (quoting *Beavers v. Sec'y of Health, Ed. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978)). Thus, an ALJ's credibility determination will not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

The ALJ is not simply required to accept the testimony of a claimant if it conflicts with medical reports and other evidence in the record. *See Walters v. Comm'r of Soc. Sec'y,* 127 F.3d 525, 531 (6th Cir. 1997). Rather, when a complaint of pain or other symptom is in issue, after the ALJ finds a medical condition that could reasonably be expected to produce the claimant's alleged symptoms, he must consider "the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians … and any other relevant evidence in the case record" to determine if the claimant's claims regarding the severity of her symptoms are credible. *Soc. Sec. Rul.* 96-7, 1996 WL 374186, at *1 (July 2, 1996); *see also* 20 C.F.R. §404.1529. Such relevant evidence includes the following: the claimant's daily activities; details surrounding the claimant's pain or other symptoms; any precipitating or aggravating factors; type, dosage, effectiveness, and side effects of any medication the claimant takes; the claimant's treatment, other than medication; any measures the claimant uses or has used to relieve pain or other symptoms; and any other factors concerning the

16

claimant's functional limitations and restrictions due to pain or other symptoms. *See* 20 C.F.R. §404.1529(c)(3). In addition, Social Security Ruling 96-7p requires the ALJ to provide a sufficiently specific explanation for his credibility determination so that it is clear to the individual and any subsequent reviewers the weight given to the individual's statements and the reasons for that weight. *See Soc. Sec. Rul.* 96-7, 1996 WL 374186, at *1 (July 2, 1996).

  The ALJ determined that: "[Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can frequently climb ladders, ropes or scaffolds, frequently stoop crouch and crawl. She must avoid concentrated exposure to vibration." (ALJ Decision, ECF No. 12-2 at Pg. ID 51.) The ALJ provided sufficiently specific explanations for its credibility determination, identifying several relevant factors that undermined Plaintiff's claims concerning the intensity, persistence, and limiting effects of her symptoms. For example, with respect to claimant's alleged limitations due to back pain, the ALJ noted that there was evidence of abnormality of Plaintiff's lumbar spine on imaging, but that the degree of abnormality on imaging and limitation noted on clinical evaluation did not compromise Plaintiff's ability to perform basic work activity within the parameters of the residual functional capacity in the decision. (*Id.* at Pg. ID 52.)

17

Further, in response to Dr. Johnson's opinion that Plaintiff was unable to work, and also unable to stand or sit for more than 30 minutes, the ALJ determined that "[a]lthough Dr. Johnson indicated the claimant could not sit or stand long during an office visit on May 11, 2011, she indicated the claimant continued to work cleaning houses, vacuuming and mopping." (*Id.* at Pg. ID 53.) Also, the ALJ held that although Dr. Johnson noted complaints of back pain and headaches by the claimant, the degree and intensity of pain on examination "does not demonstrate an inability to ambulate, complete activities of daily living, or perform work described by the claimant as cleaning houses and offices." (*Id.*) Additionally, the ALJ concluded that although Plaintiff saw Dr. John Wald, M.D. for tremor and headaches, there were no neurological deficits noted. (*Id.* at Pg. ID 53.)

Moreover, the ALJ expressly stated that he complied with S.S.R. 96–7p (*Id.* at Pg. ID 51), which sets forth a non-exhaustive list of multiple factors to consider in determining credibility. There is no indication that the ALJ failed to do so. In light of the Court's deferential approach to credibility assessments, Plaintiff has failed to demonstrate that the ALJ's adverse-credibility finding was not supported by substantial evidence. *White*, 572 F.3d 272, 287 (6th Cir. 2009) (citing *Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir.1994)) ("The ALJ's credibility findings are subject to substantial deference on review ....") In sum, contrary to Plaintiff's argument, the ALJ properly considered factors relevant in evaluating Plaintiff's

18

credibility, and that credibility determination is supported by substantial evidence. *See* 20 C.F.R. §404.1529(c)(2),(3), and(4).

Accordingly, for the foregoing reasons, the Court **DENIES** Plaintiff's motion for summary judgment and **GRANTS** Defendant's motion for summary judgment.

**SO ORDERED**.

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: March 27, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 27, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury<br>Case Manager

19